```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

WILLIAM BERNIKOW,

                         Plaintiff,           06-CV-6446

            v.                              **DECISION**
                                                       **and ORDER**

XEROX CORPORATION LONG-TERM
DISABILITY INCOME PLAN and DOES
1 through 10, Inclusive,

                         Defendants.
_____

## INTRODUCTION

    Plaintiff William Bernikow ("plaintiff" and/or "Bernikow") brings this action claiming that he was wrongfully denied long term disability benefits under a group policy issued by defendant Xerox Corporation Long-Term Disability Income Plan ("Xerox LTD Plan"), which insured his employer, Xerox Corporation ("Xerox"). Defendant Xerox LTD Plan moves for summary judgment on grounds that plaintiff failed to exhaust his administrative remedies and is time-barred from exhausting his administrative remedies. Plaintiff cross-moves for summary judgment arguing that plaintiff is not required to exhaust his administrative remedies when an appeal is futile.

## BACKGROUND

    Plaintiff was employed by Xerox for approximately 20 years and was a participant in the Xerox LTD Plan.[1] Bernikow received long-term disability benefits during a twelve-year period from November

---

[1] The Xerox LTD Plan is an "employee welfare benefit plan" within the meaning of § 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).

1993 to November 2005.[2] However, in late 2005, the Xerox LTD Plan claims administrator[3] determined that Bernikow no longer qualified for long-term disability benefits and was notified of that determination by notice dated November 21, 2005. Plaintiff's California counsel, Gary Tysch requested a complete copy of Bernikow's long-term disability benefits claim file and on January 9, 2006, plaintiff received a document, which allegedly constituted a complete copy of his claim file. However, the documents provided by SHPS contained no documents or records generated after July 2004.[4] Plaintiff claims that his counsel, Mr. Tysch, sent a letter to SHPS dated March 20, 2006, requesting additional documentation since the last dated document in SHPS' file was a statement of authorization certifying plaintiff's disability from July 1, 2004 through July 31, 2004. Moreover, the same letter stated that Mr. Tysch made a follow up phone call to SHPS and received a return call from Mary Payne at SHPS, advising him that there were no additional documents maintained by SHPS, and that no other documentation would be provided.

---

[2] Bernikow was diagnosed with anxiety and depressive disorder in July 1993.

[3] Larry Becker, as Plan Administrator of the Xerox LTD Plan, appointed SHPS, Inc. ("SHPS") to serve as the Medical Case Manager or Claims Administrator for the Xerox LTD Plan and served as claims administrator during 2005 and 2006. See Becker Aff. at ¶ 2.

[4] The Xerox LTD Plan admits that SHPS intended to send to Mr. Tysch a complete copy of the administrative record on January 9, 2006, and believed it had done so. However, SHPS inadvertently failed to provide the 57-page computer diary together with status report and include it in the package sent to Mr. Tysch.

2

The Xerox LTD Plan requires two levels of administrative appeals. The second appeal must be taken within 60 days of the participant being advised that his first appeal has been denied. Bernikow timely appealed from the Xerox LTD Plan administrator's first denial of his benefits in late 2005. However, the claims administrator denied plaintiff's appeal on May 10, 2006 and advised plaintiff that pursuant to the terms of the Xerox LTD Plan, he had 180 days within which to submit a second appeal. A "Supplemental Standard Appeal Decision Letter" dated June 26, 2006 was subsequently sent by the claims administrator advising:

> You have the right to appeal this decision in accordance with the procedures required by ... ERISA. If you wish to request reconsideration of your claim, you or your representative must submit a written appeal for reconsideration of the claim to the SHPS Disability Team within 60 days of the denial. **The appeal deadline is July 10, 2006.** Our initial letter to you at one point mistakenly referenced 180 days. If this reference to 180 days confused you and you require additional time to prepare your appeal, you must advise us of this fact before July 10, 2006. If you so advise us, we will extend your time to file an appeal to August 1, 2006. If you have not appealed by July 10, 2006 or advised us by that date that you need until August 1, 2006 to submit your appeal, you will not be permitted to make a second appeal as the Xerox Disability Plan requires.

See P. Moser Aff., Ex. A., Adm. Rec. 001. The reason given in the supplementary standard appeal decision letter for plaintiff's termination of benefits was based upon an alleged conversation with plaintiff's treating psychiatrist, Dr. Alan Sandler.

Defendant alleges that Dr. Sandler informed one of SHPS' medical directors, Dr. Wolf[5] on November 3, 2005 that he had never considered Bernikow to be totally disabled and that he believed that Bernikow, at the very least, was exaggerating his symptoms. Defendant also contends that Dr. Sandler explained that so long as SHPS was "rubber stamping" benefits, Dr. Sandler did not care. Eleven days later SHPS asked Dr. Sandler to confirm in writing the opinion he expressed during his November 3, 2005 telephone call with Dr. Wolf. Dr. Sandler, however, simply scribbled on a form that SHPS should refer to his September 28, 2005 work status form. The form referred to by Dr. Sandler indicates that plaintiff magnified his symptoms and that plaintiff "claimed" to be disabled. Notwithstanding these comments, Dr. Sandler determined that plaintiff was not capable of performing his work and was disabled. Defendant claims that it weighed Dr. Sandler's statements during his phone call with Dr. Wolf against his September 28, 2005 work status form and decided that benefits were no longer payable. Accordingly, SHPS notified plaintiff that his benefits were being terminated. Plaintiff argues that despite the September 28, 2005 work status form, SHPS terminated Bernikow's benefits based on a phone call that plaintiff claims did not occur.

---

[5] As part of its periodic review of claims, SHPS had Dr. Wolf speak with plaintiff's psychiatrist, Dr. Sandler.

As mentioned above, SHPS acknowledged that it had failed to include printouts of the status report/computer diary regarding plaintiff's claim to plaintiff's California counsel, Gary Tysch. To remedy the oversight, on June 21, 2006, a copy of a 57-page Status Report was e-mailed to Mr. Tysch. Thereafter, SHPS sent the June 26, 2006 "Supplemental Standard Appeal Decision Letter" referred to above, which reminded Bernikow that he was required to make a second administrative appeal. In addition, by letter dated June 27, 2006, plaintiff's counsel was reminded of Bernikow's duty to exhaust his administrative remedies and was informed that plaintiff's failure to do so would be fatal to his case. Plaintiff never filed an administrative appeal from the May 10, 2006 denial or the June 26, 2006 supplemental denial and therefore, plaintiff's time for filing the required second administrative appeal expired.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). "[T]he movant must make a prima

facie showing that the standard for obtaining summary judgment has been satisfied." <u>See</u> 11 Moore's Federal Practice, § 56.11[1][a] (Matthew Bender 3d ed.) "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." <u>See</u> <u>Gummo v. Village of Depew</u>, 75 F.3d 98, 107 (2d Cir.1996)(<u>citing</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986)), <u>cert denied</u>, 517 U.S. 1190 (1996).

The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." <u>See</u> Fed.R.Civ.P. 56(e); <u>See</u> <u>also</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. <u>See</u> <u>Anderson</u>, 477 U.S. at 249; <u>see</u> <u>also</u>, Fed.R.Civ.P. 56(e)("When a motion for summary judgment is made ... [an] adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial."). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." <u>Leon v. Murphy</u>, 988 F.2d 303, 308 (2d Cir.1993).

## II. **Exhaustion of Administrative Remedies**

Congress requires that ERISA benefit plans establish internal dispute resolution procedures for participants whose claims for benefits have been denied. See 29 U.S.C. § 1133;[6] Ludwig v. Nynex Service Co., 838 F.Supp. 769, 781 (S.D.N.Y. 1993). A plaintiff must exhaust all administrative remedies prescribed by the relevant plan or policy before bringing a civil action under 29 U.S.C. § 1132. See Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 511 (2d Cir. 2002) (Court "require[s] exhaustion of benefit claims brought under ERISA"); Kennedy v. Empire BlueCross and BlueShield, 989 F.2d 588, 594 (2d Cir. 1993) (Court held there is "firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases"); Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1199 (2d Cir. 1989); see also Barnett v. I.B.M. Corp., 885 F.Supp. 581, 586-587 & n. 5 (S.D.N.Y. 1995) ([C]ourts have held exhaustion of administrative remedies to be a prerequisite to a suit for benefits").

In the ERISA context, the Second Circuit has recognized that the primary purposes of the exhaustion requirements are to: "(1) uphold Congress' desire that ERISA trustees be responsible for their actions, not the federal courts; (2) provide a sufficiently

---

[6]ERISA regulations also allow a disability plan to require two levels of administrative appeals. See 29 C.F.R. §§ 2560.503-1(c)(2). Here, the Xerox LTD Plan requires two administrative appeals. In fact, the claims administrator advised plaintiff that he had 180 days from May 10, 2006 to make his second administrative appeal. However, on June 26, 2006, the claims administrator corrected its error and sent a supplemental letter making clear that plaintiff had only 60 days, not 180 days to file a second appeal.

clear record of administrative action if litigation should ensue; and (3) assure that any judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard, not *de novo*." See Kennedy, 989 F.2d at 592 (citations and quotations omitted). Accordingly, it is well established that timely exhaustion of remedies is a prerequisite to suit in federal court and that, absent proper equitable considerations, court action is barred absent such exhaustion. See Sanfilippo v. Provident Life and Casualty Ins. Co., 178 F.Supp.2d 450, 458 (S.D.N.Y. 2002). Thus, if a plaintiff fails to allege that he or she has exhausted administrative remedies, the claim must be dismissed. See Davenport v. Harry N. Abrams, Inc., 249 F.3d 130, 134 (2d Cir. 2001). However, a plaintiff's failure to exhaust administrative remedies can be excused if exhaustion would be futile. See Kennedy, 989 F.2d at 594; Davenport, 349 F.3d at 133 (plaintiff may be excused from exhaustion requirement only when he can clearly and positively show that pursuing available administrative remedies would have been futile); Barnett, 885 F.Supp. at 587-588.

Defendant contends and plaintiff does not dispute that Bernikow never requested an extension and has never made a second administrative appeal even as of the filing of this motion. Moreover, defendant cites Price v. Xerox Corp., 445 F.3d 1054 (8th Cir. 2006) as being on point because it involved the same long-term disability plan at issue in this case. Similar to this case, the

plaintiff in Price made a first administrative appeal, but failed to make a second administrative appeal. Because the time for making a second administrative appeal had expired, the district court and subsequently the Eighth Circuit held that summary judgment in favor of the long-term disability plan was proper. See Price, 445 F.3d at 1057. In the present case, the Xerox LTD Plan argues that it is undisputed that: (1) plaintiff had 60 days within which to make his second administrative appeal; (2) plaintiff has never filed a second administrative appeal; and (3) more than 60 days have passed both since the May 10, 2006 denial of plaintiff's first appeal and the June 26, 2006 supplemental denial letter.[7] Therefore, defendant contends that plaintiff failed to exhaust his administrative remedies, and the time for doing so has now expired and summary judgment must be granted in defendant's favor.

### III. Futility

Failure to exhaust remedies may be excused on the grounds of futility "only 'where claimants make a *clear and positive showing* that pursuing available administrative remedies would be futile.'" See Davenport, 349 F.3d at 133 (quoting Kennedy, 989 F.2d at 594) (emphasis in original). Thus, absent a "clear and positive showing"

---

[7] Xerox LTD Plan asserts that whether Bernikow was or was not provided with a full and complete copy of his administrative record prior to June 21, 2006 is subject to dispute. However, defendant states that it is undisputed that by June 21, 2006, defendant provided plaintiff's counsel with the 57-page status report, which constituted the full administrative record. Plaintiff did not file an administrative appeal within 60 days of June 21, 2006. In fact, plaintiff was expressly warned that if he did not exhaust his administrative remedies by filing a second appeal, it would be fatal to his case. Even when plaintiff was advised of the Price case by defendant, he still chose not to file any appeal.

that seeking review by the carrier would be futile, that remedy must be exhausted prior to the institution of litigation. See Kennedy, 989 F.2d at 595. Bernikow acknowledges the exhaustion requirement but argues that he should be excused from exhausting administrative remedies because such exhaustion would be futile. Plaintiff cites the Second Circuit decision in Skubel v. Fuoroli, 113 F.3d 330 (2d Cir. 1997) in support of his argument. Plaintiff argues that the Skubel court held that courts should be flexible in determining whether exhaustion should be excused, and should look to the exhaustion rule's goals of preserving the separation of powers between the branches of government and conserving judicial resources. See Skubel, 113 F.3d at 335. However, Skubel is clearly distinguishable from the present case. Skubel did not involve any decision as to whether or not the claimant was disabled. Rather, Skubel concerned only an interpretation of a written regulation.

In Skubel, the claims administrator had repeatedly held that the regulation did not allow for the payment of nursing care in the home. In fact, the defendant wrote a letter indicating that he would not alter that interpretation of the regulation without a court order. See id. at 334. Accordingly, the court concluded that an administrative appeal would be futile. Based on the evidence, no reason existed to believe that the administrator might, in retrospect, interpret the regulation differently. Here, an interpretation of the Xerox LTD Plan is not at issue, but whether

termination of plaintiff's disability benefits was proper and whether plaintiff timely appealed that decision. Further, unlike the defendants in the <u>Skubel</u> case who indicated that it would only change its determination upon a court order, defendant here never indicated that it would reverse its determination only by court order. Indeed, SHPS openly solicited a second appeal and invited plaintiff to submit medical evidence that might cause SHPS to alter its opinion. Thus, <u>Skubel</u> is inapplicable here and provides no support for plaintiff's position.

Next, Bernikow claims that he is excused from the jurisdictional requirement of exhaustion of administrative remedies for the following reasons: Xerox LTD Plan's two denial letters (dated May 10, 2006 and June 26, 2006) merely pay "lip service" to plaintiff's ability to provide documentation of his disability. Also, plaintiff claims that defendant deliberately ignored Dr. Sandler's medical report dated September 28, 2005 and persistently relied on a conversation between Dr. Wolf and Dr. Sandler, which plaintiff claims never occurred. Plaintiff also claims that he was not aware of the information that was eventually provided, but not until the appeal was denied. That information clearly indicates that a second appeal would be futile. In support of this position, the plaintiff points to the second decision (dated June 26, 2006), which preceded the deadline of a possible second appeal from the first denial.

As defendant correctly points out, neither of plaintiff's claims satisfy his heavy burden of proving that an appeal would have been futile. As an initial matter, the mere fact that an administrator denied a claim cannot be sufficient to prove that an appeal would have been futile. The fact that SHPS denied plaintiff's appeal does not alter plaintiff's burden because plaintiff has failed to show any new evidence in support of his claim that an appeal would be futile. He gave SHPS no reason for reversing its original denial. Indeed, defendant admits the plaintiff may not have submitted new evidence because he did not have the 57 pages of administrative record and was not aware of Dr. Sandler's statements to Dr. Wolf during the first appeal. But, these facts would support the basis for a second administrative appeal.

Plaintiff's contentions consist entirely of factual assertions, which Bernikow could easily have submitted for review under the Xerox LTD Plan. In fact, plaintiff was informed three times - twice in the May 10, 2006 and June 26, 2006 denial letters, and once in a June 27, 2006 letter to Bernikow's counsel - that SHPS would review his denial and would consider pertinent documents and other evidentiary matter. <u>See</u> P. Moser Aff., Ex. A., May 10, 2006 Denial Letter and June 26, 2006 Supplementary Denial letter and R. Pautler Aff., Ex. B, June 27, 2006 letter to plaintiff's counsel. Requesting judicial review at this point amounts to a

"request that this court disregard the administrative procedures entirely, a position contrary to both the [Xerox LTD] Plan and case law." See Barnett, 885 F.Supp. at 589 (quoting Cappiello v. NYNEX Pension Plan, 1994 WL 30429 at *4 (S.D.N.Y. 1994).

Bernikow cannot point to a single salient fact that meets the very high standard required for a showing of futility. See Kennedy, 989 F.2d at 594 (claimant must make a "clear and positive showing" of futility); Barnett, 885 F.Supp. at 587 (holding that even allegations that defendant informed plaintiff that any application for long term disability benefits would be denied, if true, would not be sufficient to establish futility). Plaintiff was afforded the opportunity to have the denial of his disability benefits reviewed, but failed to do so. He was advised in clear, unequivocal language, and thus lost an opportunity to have his denial reviewed prior to commencement of this action. Therefore, Bernikow cannot be excused from the requirement that he exhaust all available administrative remedies.

## CONCLUSION

For the reasons set forth above, I deny plaintiff's motion for summary judgment and I grant defendant's motion for summary judgment dismissing plaintiff's Complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         September 28, 2007